**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORA L. ROLOFF, and all others similarly situated, | |
| Plaintiffs, | Civil Action No. 15-1432 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| GOVERNOR CHRISTOPHER CHRISTIE, et al., | |
| Defendants. | |

**SHIPP, District Judge**

This putative class action arises from an ongoing State court divorce and spousal/child support action between pro se Plaintiff Debora L. Roloff ("Plaintiff") and her former spouse Defendant Brian S. Roloff, which was filed in the Family Division of the New Jersey Superior Court. (Compl. 4-5, ECF No. 1.) Based on the divorce action and related proceedings, Plaintiff filed a twelve-count Complaint against her ex-husband, her ex-husband's prior attorneys, her prior attorneys, state court judges, a probation officer, a newspaper company, as well as, several state and federal officials, including Governor Christopher Christie, State Senate President Stephen Sweeney, and United States Attorney Paul Fishman, for conspiring to deprive her of various federal and state rights and for violating various federal and state statutes, including the civil Racketeering Influence and Corrupt Organizations Act ("RICO "), 18 U.S.C. § 1962, and the New Jersey Open Public Records Act, N.J.S.A. 47:1A-1. (*See generally* Compl.)

This matter comes before the Court on the motions to dismiss of Defendants John A. Patti, Esq., Laura D'Orsi, Esq. (ECF No. 11), Paula A. Menar, Esq. (ECF No. 12), Brian S. Roloff, Katy

E. Ronney (ECF No. 14), Stan Wischnowski, The Philadelphia Inquirer (ECF No. 25), Governor Christopher Christie, Honorable Glenn A. Grant, J.A.D., State of New Jersey, Superior Court of New Jersey, Honorable John A. Jorgensen, II, J.S.C., Middlesex Vicinage Probation Division, New Jersey Family Support Payment Center, and Michael Mignin (ECF No. 28) (collectively, "Moving Defendants"). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the motions to dismiss are granted.[1]

I. **Background**

Plaintiff alleges that her former husband, Defendant Brian S. Roloff, filed a divorce action in September 2007 and "gave false testimony that the Plaintiff was abusive and unable to parent." (Compl. 7.) Plaintiff alleges that, "without having full knowledge that if the defendant's claim was supportive," Judge Jorgensen ordered full custody of Plaintiff's two children to her ex-husband. (*Id.*) Plaintiff alleges that she had proof that her ex-husband committed perjury, but Judge Jorgensen instead relied on false and fabricated statements. (*Id.* at 8-9.) Plaintiff alleges that on March 30, 2009, she and her ex-husband divorced. (*Id.* at 8.) Plaintiff further alleges that since September 2007, despite numerous motions to the New Jersey Superior Court, her ex-husband has not allowed her to see her children. (*Id.* at 7-8.) Additionally, Plaintiff alleges that when she tried to contact Judge Jorgensen, his staff would avoid her calls and not appropriately communicate with her. (*Id.* at 8.) Plaintiff further alleges that her ex-husband moved her children, without her consent, to South Carolina and her ex-husband has violated "every order on the divorce

---

[1] Even though all Defendants did not join in the motions to dismiss Plaintiff's Complaint, because the Court's reasoning applies broadly to all Defendants, the motions to dismiss are granted as to all Defendants. *See Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) ("Court may grant motion to dismiss even as to nonmoving defendants where nonmoving defendants are in position similar to that of moving defendants or where claims against all defendants are integrally related.").

decree as well as the June 2012 and November 2012 orders." (*Id.*) Plaintiff asserts she filed a motion in the Superior Court of New Jersey in July 2014, however, "nothing was done." (*Id.*) Based on these allegations, Plaintiff asserts that her due process and equal protection rights were violated.

Plaintiff also alleges that United States Attorney Paul Fishman has ignored Plaintiff's request to gather a grand jury and Defendants Stan Wischnowski and The Philadelphia Inquirer knew of the violations of her federal rights but practiced "yellow journalism" and refused to expose them. (*Id.* at 11.) Additionally, Plaintiff alleges that the Defendants have a financial interest in the outcome of her child support case, and that "he was unlawfully and fraudulently coerced into paying to the FSPC." (*Id.* at 9.) Based on these allegations, Plaintiff brings the following claims:

- Violations of the federal RICO statute (Counts One, Two, Four, and Five);
- Malicious Abuse/Misuse/Use of Process (Count Three);
- Malicious Prosecution (Count Six);
- Fraud (Count Seven);
- Violations of the False Claims Act (Count Eight);
- Violations of the New Jersey Open Public Records Act (Count Nine);
- Violations of 42 U.S.C. §§ 1983, 1985 (Count Ten);
- Intentional and/or Negligent Infliction of Emotional Distress (Count Eleven); and
- Conspiracy (Count Twelve).

(Compl. 12-24.) Plaintiff seeks compensatory damages, punitive damages, interest, cost of suit, and any other relief the court may deem just and proper. (*See generally* Compl.) Additionally, Plaintiff seeks injunctive relief "to halt any other harassment by use of the County Sheriff's Department, New Jersey State Police, and Municipal Police Department." (*Id.*)

## II. Discussion

### A. Rooker-Feldman Abstention

The crux of Plaintiff's Complaint is that the state court erred in granting her ex-husband sole custody of her two children. This Court lacks jurisdiction to decide that issue.

3

"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging the 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine constitutes a bar to suits brought by the losing party in state court that "seek[] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Rather, review of a decision by a state court can only be had in the state's appellate courts or in the United States Supreme Court. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *see also* 28 U.S.C. § 1257. "The [*Rooker-Feldman*] doctrine is jurisdictional in nature, precluding further federal review." *Turetsky v. Turetsky*, 402 F. App'x 671, 673 (3d Cir. 2010) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010)). The Third Circuit has shed light on the requirements necessary for the "doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (quoting *Exxon Mobil*, 544 U.S. at 284).

Here, *Rooker-Feldman* is applicable. The first and third requirements, set forth in *Great Western*, are easily satisfied: Plaintiff failed in her attempts to dissuade Judge Jorgensen from awarding her ex-husband full custody and allowing him to move her two children to South Carolina, and thereafter to obtain visitation rights from the New Jersey Superior Court. All of the allegations regarding the custody decision and permission to move the children out of state were

4

rendered prior to the institution of this action. Thus, Plaintiff lost in state court and the judgment in state court was rendered before the federal suit was filed.

In addition, the second requirement set forth in *Great Western* is present. In determining whether the second requirement is met, "[t]he critical task is . . . to identify those federal suits that profess to complain of injury by a third party, but actually complain of injury produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Id.* at 167 (internal citation omitted). Here, the essential injury complained of is the award of full custody of her two children to her ex-husband and permission to move them out of state, and thereafter the failure to obtain visitation rights. This is exactly the sort of injury identified in *Great Western*: Plaintiff's professed injury *is* the state court's decision.

Finally, the fourth requirement set forth in *Great Western* is present. "What this requirement targets is whether the plaintiff's claims will require appellate review of state-court decisions by the district court." *Id.* at 169. Indeed, here, Plaintiff invites such a review. Plaintiff's Complaint complains of procedural irregularities and deprivations and contends that the state court came to the wrong conclusion. (*See* Compl. 9 (Judge "Jorgnsen dismissed it even though the Plaintiff showed him written letters of the Defendant Brian S. Roloff slandering the Plaintiff. Instead the court relied on false and fabricated statements."); *see also id.* at 8 ("Whenever the Plaintiff tried contacting the court one of the court clerks . . . never would pick up the phone for the Plaintiff . . . . Obviously the Plaintiff was being ignored and the court clerk wasn't trained properly which slowed down and caused more of a severed relationship between the Plaintiff and her children.").) Plaintiff plainly invites the Court to conduct a review of the state-court decision below. *Cf. Edelglass v. New Jersey*, No. 14-760, 2015 WL 225810, at *8 (D.N.J. Jan. 16, 2015)

(noting that while *Rooker-Feldman* abstention is applicable to a review of a state court decision, it is not applicable to a challenge to a state statute or rule underlying that decision).

Based on the above, all four prongs of *Rooker-Feldman* are satisfied. Accordingly, the Court lacks jurisdiction to decide Plaintiff's challenge to the award of sole custody to her ex-husband and the denial of visitation rights to her.

### B. Federal Rule of Civil Procedure 8(a)

In addition to allegations regarding the state court's award of sole custody to her ex-husband and denial of visitation rights to her, Plaintiff makes some vague allegations regarding fraud and due process claims related to child support, alimony payments, and the Social Security Act. (Compl. at 6.) Additionally, on numerous occasions in her Complaint, Plaintiff refers to "kids for cash" to support many of her different theories for relief. (*See generally* Compl.)

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even a *pro se* pleading is required to "set forth sufficient information to outline the elements of [a] claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (internal citation omitted). In addition, the Court need not credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "Thus, a *pro*

*se* complaint may be dismissed for failure to state a claim only if the allegations set forth by plaintiff cannot be construed as supplying facts in support of a claim, which would entitle the plaintiff to relief." *Rhett v. N.J. State Super. Ct.*, No. 07-2303, 2007 WL 1791264, at *2 (D.N.J. June 19, 2007), *aff'd*, 260 F. App'x 513 (3d Cir. 2008) (citing *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981)).

Here, the Court is unable to discern sufficient facts in Plaintiff's Complaint to support Plaintiff's claims relating to her "kids for cash" theory. Specifically, Plaintiff has not alleged facts to support that she was ever even ordered to pay child support or alimony or any of the facts surrounding any such order. In her Complaint, Plaintiff states only that "*he*[2] was unlawfully and fraudulently coerced into paying to the FSPC, which is part of the State body-incorporated machinery to obtain Federal funding for child support enforcement." (Compl. 9.) In addition, Plaintiff's Request for Judicial Notice in Opposition to All Named Defendants' Motion to Dismiss, states that she "had an order to *receive* alimony monthly." (Pl.'s Opp'n Br. 5, ECF No. 17.) Thus, the facts as pleaded do not give Defendants fair notice of the basis for these claims, and accordingly, should be dismissed pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When a complaint is subject to a Rule 12(b)(6) dismissal, however, amendment should be permitted unless it is prejudicial or futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). The futility

---

[2] Because in the past few years a number of complaints similar to Plaintiff's have been filed in this District by pro se litigants, the Court is unsure based on this one phrase whether Plaintiff is asserting that she was ordered to pay child support and just had a typo of "he" or this phrase was copied from a different litigant's pleading. *See, e.g., Wolf v. Escala*, No. 14-5985 (D.N.J. Sept. 24, 2014); *Alintoff v. Escandon*, No. 15-1072 (D.N.J. Jan. 26, 2015); *DiPetro v. Christie*, No. 15-1441 (D.N.J. Fed. 25, 2015); *Kolakowski v. Christie*, No. 15-1583 (D.N.J. Mar. 2, 2015).

of an amendment is assessed under the same standard as Rule 12(b)(6); therefore, a plaintiff must be allowed to amend a complaint subject to such a dismissal "unless the amendment would not cure the deficiency." *Id.*

Here, Plaintiff's rambling pleadings contain mostly unintelligible allegations against multiple defendants. Plaintiff offers broad labels and conclusions and does not provide sufficient facts to support her claims. For example, Plaintiff repeatedly refers to "Defendants" without specifying which particular defendant participated in the complained of activity or what role each defendant allegedly played. *See Bullock v. Ancora Psychiatric Hosp.*, No. 10-1412, 2011 WL 3651352, at *9 (D.N.J. Aug. 18, 2011) ("If Rule 8's pleading requirement has any substance, it requires a Plaintiff to specifically identify the defendants against whom a claim is asserted"). Accordingly, Plaintiff's Complaint does not provide Defendants with fair notice of the factual grounds for Plaintiff's claims. Because Plaintiff's Complaint does not comply with Rule 8(a)'s requirements, Plaintiff's Complaint is dismissed. The Complaint, however, will be dismissed without prejudice to the filing of an amended complaint adhering to Rule 8(a)'s pleading requirements. Should Plaintiff subsequently fail to adhere to Rule 8(a)'s pleading requirements, her amended complaint will be dismissed with prejudice.

### III. Conclusion

For the reasons set forth above, Moving Defendants' Motions to Dismiss (ECF Nos. 11, 12, 14, 25, 28) are granted and Plaintiff's Complaint is dismissed without prejudice.[3] An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated:** January 13, 2016

---

[3] Given that Plaintiff's Complaint does not clearly identify the factual grounds for each claim, the Court is unable to discern which claims are based entirely on the state court's decision in Plaintiff's divorce action. To the extent that Plaintiff's claims are based on the state court's decision, those claims are dismissed with prejudice pursuant to the *Rooker-Feldman* abstention doctrine.